AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
### for the
### District of Colorado

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched or identify the person by name and address)*<br>308 Mountain View Road, Unit B<br>Johnstown, Colorado<br>more fully described in Attachment A, attached hereto, | )<br>)<br>)<br>)<br>)<br>)    Case No. 19-sw-5377-KLM |

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the <u>State and </u>District of <u>Colorado</u> *(identify the person or describe the property to be searched and give its location)*:

**SEE "ATTACHMENT A"** attached hereto and incorporated by reference

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**SEE "ATTACHMENT B"** attached hereto and incorporated by reference

I find that the affidavit(s), or any recorded testimony, establishes probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before ___April 17, 2019___ *(not to exceed 14 days)*

☒ in the daytime 6:00 a.m. to 10 p.m.    ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to ___Kristen L. Mix___.
                                                     *(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
    ☐ for _____ days *(not to exceed 30)*.      ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: **_11:57 am, Apr 03, 2019_**

                                       *Judge's signature*

City and state:    ___Denver, Colorado___                Kristen L. Mix
                                                     United States Magistrate Judge
                                                   *Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| **Return** | | |
|---|---|---|
| Case No.:<br>19-sw-05377-KLM | Date and time warrant executed:<br>04/04/2019 06:00 | Copy of warrant and inventory left with:<br>on scene |
| Inventory made in the presence of :<br>FBI Special Agent Donald Peterson | | |

Inventory of the property taken and name of any person(s) seized:
1. Bank Checks;
2. Legal Documents;
3. Black Miufly camera;
4. 6 cell phones;
5. 1 (one) computer tablet;
6. 2 (two) RiData 8GB SD Cards;
7.  Business cards;
8. Thank you card;
9. Wage license;
10. Conterfiet US currency- totaling $941.00 dollars (No actual value);
11. 2 (two ) thumb drives;
12. 2 (two) SD card;
13.  Panasonic Toughbook;
14. HP laptop computer and charger;
15. Uniden camera;
16. Bail bonds paperwork;
17. Chief ID card;
18. Samsung tablet;
19. 2 (two) hard drives;
20. Comuputer tower SN: 64698;
21. Colorado Springs PD documents;
22. Pink thumb drive;
23. The person of Matthew Marre was located and seized in this business pursuant to a federal arrest warrant.

**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
4/25/2019
**JEFFREY P. COLWELL, CLERK**

| **Certification** |
|---|
| I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge. |

Date:  04/25/2019

_____
s/ Michael Thrapp
*Executing officer's signature*

Michael A Thrapp/ FBI Task Force Officer
*Printed name and title*

**ATTACHMENT A**

**DESCRIPTION OF LOCATION TO BE SEARCHED**

The Subject Premises is located at 308 Mountain View Road Unit B, Johnstown, Weld County, Colorado. The Subject Premises is more particularly identified as a building cream in color with grey trim along the top of the building. The number "308" appears in the grey trim on the front (north side) of the building.

There are eight units in the building marked A through H. Each unit appears to have access to a second story area directly above each first floor unit. Each unit has a rolling bay door at the back of the building. Unit B is designated with the letter "B" in white on the window and below has "Colorado PSE" in white on the window to the left of unit B front door. At the rear of the building there is a grey door marked "B" in white. This door is directly to the right of the second bay door from the south.

1

**ATTACHMENT B**

**DESCRIPTION OF ITEMS TO BE SEIZED AND SEARCHED**

The following items, located within the building at **308 Mountain View Road Unit B, Johnstown, Weld County, Colorado** that constitute evidence of the commission of, contraband, the fruits of crime, or instrumentalities of violations of 18 U.S.C. § 1039, Fraud in Connection with Obtaining Confidential Phone Records.  [hereinafter "Subject Offenses"], including the following:

1. Any documents, applications, paperwork, business cards, identification documents, court paperwork, warrants, and bonding company items, including the following:

   a. Records and information relating to a fugitive recovery, bonding companies, or other private investigations by Matthew Marre and/or Colorado PSE utilizing fraudulently obtained confidential phone records;

   b. Records and information relating to emergency requests to cell phone providers;

   c. Records and information relating to GPS locations of cell phones or other records related to cell phone accounts for fugitives sought or other private investigations;

   d. Records and information relating to any e-mail or phone accounts used by Marre or Colorado PSE to fraudulently request confidential phone records information; and

   e. Records and information relating to the above located in any container, locked or otherwise, including in any drawer, cabinet, safe or other storage container.

2. Records and information located on or relating to the operation of any computers or electronic devices that can be used to request, store, receive, or utilize data from confidential phone records, including location data in any form;

   a. Records and information from cell phone with the number 720-354-0721;

   b. Records and information from the email account matthewmarre@cotf.us;

   c. Records and information relating to the identity or location of Marre and any co-conspirators;

   d. Records and information relating to communications with covered cell phone providers;

1

  e. Records and information relating to communications with bonding companies; and

  f. Records and information relating to the above located in any container, locked or otherwise, including in any drawer, cabinet, safe or other storage container.

3. Any and all information, notes, software, documents, records, or correspondence, in any format and medium, pertaining to the Subject Offenses;

4. Computer(s), digital storage media, or digital storage devices, any physical object upon which computer data can be recorded, computer hardware, computer software, servers, computer related documentation, computer passwords and data security devices, gaming devices, tablets, flash drives, volatile data, digital communications devices, cellular telephones, cameras, videotapes, video recording devices, video recording players, and video display monitors, digital input and output devices such as keyboards, mouse(s), scanners, printers, monitors, electronic media and network equipment, modems, routers, connection and power cords, and external or connected devices used for accessing computer storage media that was used to commit or facilitate commissions of the Subject Offenses.

5. For any computer, computer hard drive, or other physical object upon which computer data can be recorded (hereinafter, COMPUTER) that is called for by this warrant, or that might contain items otherwise called for by this warrant relating to the Subject Offenses:

  a. evidence of who used, owned, or controlled the COMPUTER at the time the items described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, calendars, browsing history, user profiles, e-mail, e-mail contacts, "chat" or instant messaging logs, photographs, and correspondence;

  b. evidence of software that may allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

  c. evidence of the lack of such malicious software;

  d. evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

  e. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

  f. evidence of how and when the COMPUTER was used or accessed to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

    g.  records of or information about Internet Protocol addresses used by the COMPUTER,

    h.  information about usernames or any online accounts or email addresses that include "matthewmarre@cotf.us";

    i.  passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

    j.  documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

    k.  contextual information necessary to understand the evidence described in this attachment;

    l.  volatile data necessary to preserve evidence prior to powering-off and unplugging a running computer;

    m.  any and all information, notes, software, documents, records, or correspondence, in any format and medium, pertaining to the Subject Offenses;

DEFINITIONS:

6. As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing, drawing, painting); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

7. As used above, the terms "computers" or "digital storage media" or "digital storage devices" may be used interchangeably, and are intended to include any physical object upon which computer data can be recorded as well as all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices capable of performing logical, arithmetic, or storage functions, including desktop and laptop computers, mobile phones, tablets, server computers, game consoles, network hardware, hard disk drives, RAM, floppy disks, flash memory, CDs, DVDs, and other magnetic or optical storage media.